UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL REINHARDT,<br><br>Plaintiff,<br><br>v.<br><br>W. KENT HAMLIN, et al.,<br><br>Defendants. | 1:19-cv-00892--SKO (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 28) |

Plaintiff David Michael Reinhardt is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 19, 2019, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 28.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiffs under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of

the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

Plaintiff filed previous motions for appointment of counsel, (Docs. 2 and 20), which were both denied. (Doc. 21.) The Court does not find a change in circumstances nor the requisite exceptional circumstances to warrant a different outcome here. Even if it is assumed that Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this early stage in the proceedings, the Court cannot make a determination as to whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 30, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE