UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL REINHARDT,<br><br>Plaintiff,<br><br>v.<br><br>W. KENT HAMLIN, et al.,<br><br>Defendants. | 1:19-cv-00892-SKO (PC)<br><br>**ORDER DENYING MOTION TO SERVE COMPLAINT**<br><br>(Doc. 18)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE**<br><br>(Doc. 27)<br><br>14-DAY DEADLINE<br><br>Clerk of Court to Assign a District Judge |

Plaintiff David Michael Reinhardt, an inmate proceeding *pro se* and *in forma pauperis*, alleges that California judges and justices are engaged in a conspiracy to deny his constitutional rights by repeatedly denying his state habeas petitions. (Doc. 27 at 11.) In its first screening order, the Court was unable to discern whether Plaintiff intended to file a section 1983 action or a federal habeas petition.[1] (Doc. 14). Thus, the Court provided Plaintiff with the pleading requirements for both types of actions and granted him leave to amend. (*Id.*) Plaintiff chose to file

---

[1] Plaintiff previously filed two federal habeas petitions, both of which were denied. *See Reinhardt v. Feller*, No. 1:08-cv-00329-LJO-DLB (HC) (E.D. Cal. Feb. 3, 2009) *and Reinhardt v. Fifth District Court of Appeals*, No. 1:13-cv-00938-LJO-MJS (HC) (E.D. Cal. Sep. 24, 2013).

an amended complaint under section 1983. (*See* Doc. 17.) In its second screening order, the Court found that Plaintiff's first amended complaint violated Federal Rule of Civil Procedure 8. (Doc. 26.) The Court again provided Plaintiff with the pleading requirements, as well as the legal standards for several causes of action, and granted him leave to amend. (*Id.*)

Despite these opportunities, Plaintiff's second amended complaint fails to state a cognizable claim and is frivolous. Accordingly, the Court finds that Plaintiff is unable to cure the deficiencies in his pleading, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012), and recommends that this action be **DISMISSED** with prejudice.

Additionally, on July 11, 2019, Plaintiff filed a motion requesting that the United States Marshal serve his initial complaint. (Doc. 18.) This motion was premature, and since the Court recommends dismissal of this action, the Court **DENIES** the motion, (Doc. 18).

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2) (identical dismissal grounds for plaintiffs proceeding *in forma pauperis*). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**II.    PLEADING REQUIREMENTS**

    **A. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

**B. Linkage Requirement**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

Plaintiff names as defendants five judges of the Fresno County Superior Court, including a retired judge; thirteen justices of California's Fifth District Court of Appeal, including five retired justices; and three justices of the California Supreme Court, including two retired justices. (Doc. 27 at 2-5.) Plaintiff alleges that Defendants are "acting as an organized criminal enterprise, conspiring to deprive [him] … of his 14th Amendment … right to habeas corpus…." (*Id.* at 11.) Plaintiff challenges the "legality of habeas corpus procedure used by judges of the California courts that are summaril[y] denying each habeas corpus application [he] files." (*Id.* at 2.) In support of his argument, Plaintiff cites more than 50 habeas petitions that have been denied by, or whose denials have been affirmed by, the California trial court, appellate court, and Supreme Court. (*Id.* at 6-7.) Plaintiff alleges that the judges and justices have denied his applications because a court previously falsified a document integral to his original conviction, and thus the defendants are covering up "this … [and] their own misconduct." (*See id.* at 39-40.)

The Supreme Court has held that a complaint is frivolous, within the meaning of 28 U.S.C. section 1915, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is factually frivolous "if the facts alleged are 'clearly baseless,' … a category encompassing allegations that are 'fanciful,' … 'fantastic,' … and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327, 328). In other words, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

Plaintiff provides no factual basis for his allegation that California judges and justices are conspiring to deny his habeas petitions, aside from the denials themselves. (*See id.* at 2-40.) Although his complaint, including exhibits, is more than 300 pages long, Plaintiff provides inadequate factual allegations to state a claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Plaintiff's allegation that more than 20 judges and justices have conspired to deny his constitutional rights is baseless and unfounded. *See Denton*, 504 U.S. at 32-33. The Court thus finds the allegation and Plaintiff's complaint to be frivolous.

## IV. ORDER AND RECOMMENDATION

Although Plaintiff has received two opportunities to amend his pleading, his second amended complaint is frivolous, and the Court finds that further amendment would be futile. Accordingly, the Court **ORDERS** that Plaintiff's motion to serve his complaint, (Doc. 18), be **DENIED**; and **RECOMMENDS** that this action be **DISMISSED** with prejudice. The Clerk of the Court is **DIRECTED** to randomly assign a District Judge to this case.

The Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 3, 2019__                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE