UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL REINHARDT,<br><br>Plaintiff,<br><br>v.<br><br>W. KENT HAMLIN, et al.,<br><br>Defendants. | No. 1:19-cv-00892-DAD-SKO (PC)<br><br>ORDER FINDING APPEAL FRIVOLOUS AND REVOKING IN FORMA PAUPERIS STATUS<br><br>(Doc. No. 40) |

This action proceeded by way of a second amended complaint ("SAC") filed by plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, on September 19, 2019. (Doc No. 27.) On December 4, 2019, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's SAC be dismissed with prejudice because it failed to state a cognizable claim and was indeed frivolous. (Doc No. 30.) These findings and recommendations were adopted by the undersigned on March 16, 2020, and the case was dismissed with prejudice as frivolous. (Doc. No. 35.)

Plaintiff subsequently appealed the dismissal order and filed a notice of appeal on March 23, 2020. (Doc. No. 37.) On March 25, 2020, the Ninth Circuit Court of Appeals referred the matter back to this court for a determination as to whether *in forma pauperis* status should continue on appeal or whether the appeal was frivolous or taken in bad faith. (Doc No. 40.)

/////

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The test for allowing an appeal *in forma pauperis* is easily met . . . [t]he good faith requirement is satisfied if the appellant seeks review of any issue that is 'not frivolous.'" *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (holding that if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989). In other words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

As thoroughly detailed by the magistrate judge in the December 4, 2019 findings and recommendations and subsequently adopted by the undersigned, plaintiff's SAC was frivolous; his claims asserted therein that judicial officers have conspired to deny him his constitutional rights are baseless and fanciful. (*See* Doc. Nos. 30, 35.) Plaintiff's SAC named as defendants five former and current judges of the Fresno County Superior Court, thirteen former and current justices of the California Court of Appeal, and three former and current justices of the California Supreme Court. (Doc. No. 27 at 2–5.) In SAC plaintiff alleged that the named defendants were "acting as an organized criminal enterprise, conspiring to deprive [him] . . . of his 14th Amendment . . . right to habeas corpus . . . ." (*Id.* at 11.) Plaintiff also challenged the "legality of habeas corpus procedure used by judges of the California courts that are summaril[y] denying each habeas corpus application [he] files." (*Id.* at 2.)

In sum, there is no basis in fact or in law for plaintiff's appeal. Thus, the court concludes that his appeal is frivolous and not taken in good faith. Accordingly, plaintiff's *in forma pauperis* status is revoked. The Clerk of the Court is directed to serve a copy of this order on plaintiff, as well as the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: **March 30, 2020**

UNITED STATES DISTRICT JUDGE

2